Filed 4/4/24  P. v. Montano CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE ANTONIO MONTANO,<br><br>    Defendant and Appellant. | F086592<br><br>(Super. Ct. No. BF169286B)<br><br>**OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

Solomon Wollack, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Jose Antonio Montano (defendant) appeals for a second time from a judgment of conviction of first degree murder with the special circumstance of lying in wait.  In the

---

\*Before Hill, P. J., Peña, J. and Smith, J.

previous appeal, this court affirmed the special-circumstance murder conviction but remanded for possible retrial of other charges and for resentencing. (*People v. Montano* (2022) 80 Cal.App.5th 82, 115.) In an unpublished part of the prior opinion, this court rejected defendant's challenge to the constitutionality of Penal Code section 3051, subdivision (h), which excludes persons sentenced to life in prison without the possibility of parole (LWOP) from eligibility for youth offender parole. (Undesignated statutory references are to the Penal Code.)

The proceedings on remand did not change defendant's LWOP sentence. However, at the time of his resentencing, and while the current appeal was pending, the California Supreme Court had undertaken review of another appellate court's decision regarding the legality of section 3051, subdivision (h). (*People v. Hardin* (2022) 84 Cal.App.5th 273, review granted Jan. 11, 2023, S277487.) Defendant's current appeal was filed in hope of the California Supreme Court deciding the issue differently than this court did in the prior appeal.

The California Supreme Court has now decided *Hardin*, and the outcome does not assist defendant. (*People v. Hardin* (2024) 15 Cal.5th 834, 838–839.) We therefore reject (again) defendant's claim regarding his ineligibility for youth offender parole. Defendant alternatively claims the trial court erred by imposing a parole revocation restitution fine under section 1202.45. The People concede the second claim, and we accept the concession. The judgment shall be modified accordingly. As modified, the judgment will be affirmed.

## PROCEDURAL HISTORY

A summary of the underlying facts is provided in *People v. Montano*, *supra*, 80 Cal.App.5th at pages 90 through 100. The parties agree it is unnecessary to repeat the factual background here since it has little relevance to the issues on appeal.

Defendant was 21 years old at the time of the victim's death. A jury convicted defendant of first degree murder with the special circumstance of lying in wait (§§ 187,

189, 190.2, subd. (a)(15); count 1), and of unlawful participation in a criminal street gang (§ 186.22, subd. (a); count 2). The jury also made true findings on gang and firearm enhancement allegations (§§ 186.22, subd. (b), 12022.53, subds. (d), (e)(1).) As to count 1, defendant was sentenced to LWOP plus a consecutive term of 25 years to life for the firearm enhancement. No punishment was imposed for the gang enhancement. (See § 12022.53, subd. (e)(2)). Punishment for count 2 was stayed pursuant to section 654.

In defendant's prior appeal, this court affirmed the murder conviction and special circumstance finding but reversed the gang conviction and both enhancements based on retroactive application of Assembly Bill No. 333 (2021–2022 Reg. Sess.). Another issue in the appeal was whether section 3051, subdivision (h) violates equal protection principles by excluding a class of offenders from eligibility for youth offender parole based on their LWOP sentences. This court rejected defendant's equal protection claim, and in doing so followed what was then unanimous precedent on the issue (e.g., *People v. Jackson* (2021) 61 Cal.App.5th 189; *People v. Acosta* (2021) 60 Cal.App.5th 769; *In re Williams* (2020) 57 Cal.App.5th 427). The cause was remanded for possible retrial of the gang and firearm charges, and for resentencing. The remittitur issued on October 20, 2022.

On October 18, 2022, the Second Appellate District, Division Seven, held that section 3051's exclusion of LWOP prisoners from eligibility for youth offender parole is unconstitutional. (*People v. Hardin*, *supra*, 84 Cal.App.5th at pp. 288–291.) On January 11, 2023, the California Supreme Court granted review of the *Hardin* decision. The remanded proceedings in this case concluded with a resentencing hearing conducted on July 12, 2023.

The People apparently waived retrial of the gang charges and firearm enhancement allegations. Defendant was resentenced on the lone conviction of first degree special-circumstance murder, and the trial court imposed the mandatory punishment of LWOP. A timely notice of appeal was filed on July 20, 2023.

On March 4, 2024, a five-justice majority of the California Supreme Court reversed the appellate court's decision in *Hardin*. (*People v. Hardin*, *supra*, 15 Cal.5th at p. 866.)

## DISCUSSION

## I.      Equal Protection Claim

"California's youth offender parole statute offers opportunities for early release to certain persons who are incarcerated for crimes they committed at a young age. [Citations.] … Under the current version of the statute, most persons incarcerated for a crime committed between ages 18 and 25 are entitled to a parole hearing during the 15th, 20th, or 25th year of their incarceration. [Citation.] But not all youthful offenders are eligible for parole hearings. The statute excludes, among others, offenders who are serving sentences of [LWOP] for a crime committed after the age of 18. ([§ 3051], subd. (h).)" (*People v. Hardin*, *supra*, 15 Cal.5th at pp. 838–839.)

Defendant's constitutional challenge to section 3051, subdivision (h) is based on the intermediate appellate decision in *Hardin*, which found the provision violative of equal protection guarantees on its face. (See *People v. Hardin*, *supra*, 15 Cal.5th at p. 847 ["Hardin effectively challenges the life without parole exclusion on its face, in all of its applications"].) In his reply brief, filed before the California Supreme Court's *Hardin* opinion was issued, defendant acknowledged his claim would "fail on the merits" if the high court reversed the appellate court's decision. And that is what happened. The California Supreme Court held section 3051's exclusion of persons sentenced to LWOP withstands rational basis scrutiny and therefore does not facially violate constitutional guarantees of equal protection. (*Hardin*, *supra*, at pp. 838–839.) Therefore, defendant's equal protection claim fails.

## II.     Parole Revocation Restitution Fine

When resentencing defendant, the trial court imposed and suspended a $300 fine pursuant to section 1202.45.  Section 1202.45 expressly applies only "where a person is convicted of a crime and his or her sentence includes a period of parole," (*id.*, subd. (a)) or the defendant is "subject to either postrelease community supervision … or mandatory supervision" (*id.*, subd. (b)).  The statute does not apply in cases where the defendant is sentenced to LWOP and there are no determinate terms.  (*People v. Montes* (2021) 70 Cal.App.5th 35, 48; *People v. Mclnnis* (2021) 63 Cal.App.5th 853, 866–867; see *People v. Baker* (2021) 10 Cal.5th 1044, 1108 [parole revocation fine held applicable despite death sentence "because defendant was also sentenced to a determinate term"].)  The People concede the erroneously imposed fine should be stricken from the judgment.

### DISPOSITION

The judgment is modified to strike the $300 fine imposed under section 1202.45.  As so modified, the judgment is affirmed.  We direct the superior court to prepare a new abstract of judgment reflecting the modification.  The clerk of the superior court shall forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

5.